NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

20-573

STATE OF LOUISIANA

VERSUS

CHARLES BRAD DOSHER

A/K/A CHARLES BRADLEY DOSHER

**********

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CATAHOULA, NO. 18-0274
HONORABLE JOHN C. REEVES, DISTRICT JUDGE

**********

D. KENT SAVOIE
JUDGE

**********

Court composed of Billy Howard Ezell, D. Kent Savoie, and J. Larry Vidrine*, Judges.

CONVICTION AND SENTENCE VACATED;
REMANDED FOR NEW TRIAL

_____

*Honorable J. Larry Vidrine participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Karla Shirley-McHand**
**Assistant District Attorney**
**Bradley R. Burget**
**District Attorney**
**Seventh Judicial District**
**301 Bushley Street, 3rd Floor**
**Harrisonburg, Louisiana 71340**
**(318) 744-5232**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **State of Louisiana**

**Meghan Harwell Bitoun**
**Louisiana Appellate Project**
**P.O. Box 4252.**
**New Orleans, LA 70119**
**(504) 470-4779**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Charles Brad Dosher**

**Charles Brad Dosher**
**MPWY/WAL-3**
**Louisiana State Prison**
**Angola, LA 70712**
**DEFENDANT/APPELLANT**

**SAVOIE, Judge.**

On July 12, 2018, Defendant, Charles B. Dosher, was charged by bill of indictment with illegal possession of a firearm by a convicted felon, in violation of La.R.S. 14:95.1. The trial court's docket number for this charge was 18-274. On the same day, Defendant was also indicted under trial court docket number 18-273 with the second degree murder of his father, Charles Virgil Dosher, in violation of La.R.S. 14:30.1, as well as under trial court docket number 18-275 for aggravated flight from an officer, in violation of La.R.S. 14:108.1(C). Although all three charges were filed on the same day and were tried together, they were never joined in the trial court.

Defendant proceeded to trial on all three charges on October 1, 2019, following a day-long jury selection. On October 4, 2019, the jury returned guilty verdicts on all three counts. Polling of the jury revealed a ten-to-two verdict on the second degree murder charge, an eleven-to-one verdict on the possession of a firearm by a convicted felon charge, and a unanimous verdict on the aggravated flight charge.

On November 26, 2019, the trial court sentenced Defendant to life imprisonment without the benefit of probation, parole, or suspension of sentence for second degree murder; twenty years without benefits for possession of a firearm by a convicted felon; and five years for aggravated flight from an officer.

Defendant has appealed each of his convictions and sentences and asserts two assignments of error: (1) the convictions for second degree murder and possession of a firearm by a convicted felon are unconstitutional because they were non-unanimous and (2) the trial court committed a non-harmless error when it

instructed the jury that it could convict Defendant with a less than unanimous verdict.

As the instant appeal corresponds only to Defendant's conviction of possession of a firearm by a convicted felon at issue in trial court docket number 18-274, we will address herein only assignment of error number one as it relates to that conviction.[1]  For the following reasons, we find that Defendant's conviction of possession of a firearm by a convicted felon should be vacated and remanded to the trial court for a new trial.

## FACTS

Defendant was convicted of possession of a firearm by a convicted felon after the shooting death of his father following a physical argument on January 28, 2018.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record.  After reviewing the record, we note that there is an error patent involving the jury's return of a non-unanimous jury verdict for possession of a firearm by a convicted felon, which is addressed below in accordance with Defendant's first assignment of error.

## ASSIGNMENT OF ERROR NUMBER ONE:

Defendant's first assignment of error is the only error applicable to his conviction for possession of a firearm by a convicted felon.  In this assignment of error, Defendant contends his eleven-to-one guilty verdict is unconstitutional under

---

[1] Defendant's appeal of his conviction of second degree murder and related sentence is addressed in connection with this court's docket number 20-572.  Defendant's appeal of his conviction of aggravated flight from an officer and related sentence is addressed in connection with this court's docket number 20-574.

2

*Ramos v. Louisiana*, 590 U.S. ___, 140 S.Ct. 1390 (2020). In *Ramos*, the Supreme Court ruled that the Sixth Amendment to the United States Constitution required that all felony convictions be based upon a unanimous jury verdict. In *State v. Wilson*, 20-128 (La. 6/3/20), 296 So.3d 1045, the Louisiana supreme court noted that the holding of *Ramos* applied to all cases that were pending on direct review at the time of the holding. As Defendant's appeal was pending when *Ramos* was issued on April 4, 2020, the ruling clearly applies to his case. Indeed, the State has conceded the conviction must be vacated and remanded for a new trial.

The holding of *Ramos* is clear and applies to Defendant's non-unanimous conviction for possession of a firearm by a convicted felon. As such, Defendant's conviction and sentence for said offense in trial court docket number 18-274 must be vacated and remanded to the trial court for a new trial.

### DECREE

Defendant's conviction and sentence for possession of a firearm by a convicted felon is hereby vacated, and the matter is remanded for a new trial.

**CONVICTION AND SENTENCE VACATED; REMANDED FOR NEW TRIAL**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.